Gail BIGHAM, Plaintiff,

v.

HEALTH EXPRESS, INC., Defendant.

No. CIV. 03–40332.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 1, 2004.

Angela R. Williams, Herbert A. Sanders, Sanders & Johnson, Detroit, MI, for Plaintiff.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

Plaintiff Gail Bigham ("Plaintiff") brings this action against her former employer, Health Express, Incorporated ("Defendant"), claiming race discrimination under Title VII, 42 U.S.C. § 2000e. Before the Court is Defendant's motion for summary judgment. The Court held a hearing on this motion on November 30, 2004. Because Plaintiff has failed to demonstrate a *prima facie* case and, in the alternative, because Plaintiff has failed to show that Defendant's legitimate, non-discriminatory reasons for the adverse employment actions were pretextual, the Court will grant Defendant's motion.

## I. BACKGROUND

Defendant Health Express, Incorporated provides temporary nursing services (under the name "Health Exchange") for hospitals and nursing homes in the Metropolitan Detroit area. Plaintiff began her employment with Defendant in July, 1987 and continued working until her termination in February, 2003. Plaintiff served as a staffing coordinator throughout her employment. As a staffing coordinator, Plaintiff was responsible for responding to clients' requests for nursing services.

In approximately September 2002, Plaintiff claims that she was informed that either she or another employee, Wendy Hahn, would have to be terminated because of slow business. Plaintiff claims that Ms. Hahn is a less qualified white woman. Plaintiff argues that she was disparately treated and terminated while Ms. Hahn was retained because of racial discrimination.

Plaintiff states that Mr. Robert Canner was the only person who discriminated against her during her employment. Mr. Canner is the founder, president, and owner of Health Express. Defendant notes that prior to this litigation, Plaintiff and Mr. Canner shared a cordial relationship: for example, Plaintiff attended an engagement party for Mr. and Mrs. Canner's son; Mr. and Mrs. Canner attended Plaintiff's daughter's wedding; and Mr. Canner (who is an attorney) twice appeared in Court with Plaintiff regarding child support issues without charge.

On January 24, 2003, Mr. Canner decided to suspend Plaintiff for one week. Mr. Canner states in an affidavit that the suspension was for three reasons: (1) five alleged failures to respond to clients' requests for nursing services while on call; (2) personal observations and reports of Plaintiff conducting excessive personal business on the telephone at work; and (3) Plaintiff's failure to use regularly a time clock punch-card system that was implemented in September 2002.

Mr. Canner informed Plaintiff that she would be suspended for five working days on Friday, January 24, 2003. Mr. Canner did so in a conference room. Upon learning of her suspension, Plaintiff allegedly yelled at Mr. Canner. Her voice was heard by at least two other employees in the office, who have provided affidavits. During her suspension, Plaintiff allegedly contacted one of Defendant's clients and accused the client of having her suspended. Plaintiff also allegedly advised another employee in a restaurant to "watch her back" regarding her employment with Defendant.

Mr. Canner terminated Plaintiff's employment on February 3, 2003. He did so because of (1) her conduct in the conference room upon being informed of the suspension, which he describes in an affidavit as "loud, belligerent and threatening"; (2) her contact with a client while on

suspension that allegedly negatively impacted the relationship with the client; and (3) her comment to another employee in a restaurant while on suspension.

Plaintiff subsequently filed the complaint in this case, alleging race discrimination and intentional infliction of emotional distress. Jurisdiction in this case is based on the Court's federal question jurisdiction under 28 U.S.C. § 1331. The Court declined to exercise supplemental jurisdiction over the claims for intentional infliction of emotional distress, and dismissed that claim without prejudice on January 5, 2004. Although the parties have briefed the issue of intentional infliction of emotional distress, that claim is no longer before the Court.

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir.1992).

■ In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822

F.2d 1432, 1435 (6th Cir.1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435–36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

■ A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.; Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir.1993).

■ Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted); *see Celotex*, 477

U.S. at 322–23, 106 S.Ct. 2548; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

■ Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990) (Gadola, J.), *aff'd,* 929 F.2d 701 (6th Cir.1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505; *see Cox v. Ky. Dep't of Transp.,* 53 F.3d 146, 150 (6th Cir.1995).

## III. ANALYSIS

■ Plaintiff claims that she was discriminated against on the basis of race. Plaintiff "may establish a claim of discrimination either by demonstrating direct evidence of racial discrimination, or by proving circumstantial evidence which would support an inference of discrimination." *See, e.g., Logan v. Denny's Inc.*, 259 F.3d 558, 566–67 (6th Cir.2001) (citation omitted). At the hearing, Plaintiff's counsel conceded that the case is based on circumstantial and not on direct evidence. The Sixth Circuit has directed that when addressing cases based on circumstantial evidence, "the three-part test of *McDonnell Douglas* is employed." *Logan,* 259 F.3d at 567 (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).

■ The first step of the *McDonnell Douglas* test requires Plaintiff to establish a *prima facie* case. To establish a *prima facie* case of discrimination of race discrimination, Plaintiff must show that:

(1) she is a member of a protected class.

(2) she was qualified for her job and performed it satisfactorily,

(3) despite her qualifications and performance, she suffered an adverse employment action, and

(4) she was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside the protected class.

*Logan,* 259 F.3d at 567 (citations omitted). In this case, Defendant concedes that Plaintiff satisfies the first three elements of this test. Def. Mot. at 7. Defendant argues that Plaintiff has not satisfied element (4) because "no white employee was treated better for the *same* job deficiencies." *Id.* Plaintiff was apparently not replaced. The Court finds no evidence that a white employee had the same quantity or quality of deficiencies and was treated any better. While there may have been other employees who made personal telephone calls, there is no evidence of another employee who had the same combination or extent of deficiencies and was treated differently. There is also no evidence of another employee having a heated discussion with Mr. Canner, contacting clients while suspended, or warning a coworker. Therefore, Plaintiff fails to establish a *prima facie* case of racial discrimination.

Even if Plaintiff were to establish a *prima facie* case, her claim fails at the next two steps of the analysis. After Plaintiff establishes a *prima facie* case of discrimination, the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for its treatment of Plaintiff. *Logan,* 259 F.3d at 567 (citations omitted). In this case, Defendant does present legitimate non-discriminatory reasons for the suspension and for the termination.

Specifically, Defendant states that the suspension was for three reasons: (1) five

alleged failures to respond to clients' requests for nursing services while on call; (2) personal observations and reports of Plaintiff conducting excessive personal business on the telephone at work; and (3) Plaintiff's failure to use regularly a time clock punch-card system that was implemented in September 2002. These reasons are non-discriminatory. Furthermore, Mr. Canner's affidavit testifies that these were the legitimate reasons for the employment action.

Defendant also provides legitimate, non-discriminatory reasons for the termination. Specifically, (1) her conduct in the conference room upon being informed of the suspension, which he describes in an affidavit as "loud, belligerent and threatening"; (2) her contact with a client while on suspension that allegedly negatively impacted the relationship with the client; and (3) her comment to another employee in the restaurant while on suspension.

■■■■ In assessing an employer's legitimate non-discriminatory reason, "the question is not whether the employer's reasons are right, but whether the employer's description of its reasons is honest." *Comiskey v. Auto. Indus. Action Group*, 40 F.Supp.2d 877, 896 (E.D.Mich.1999) (Rosen, J.) (quoting *Kariotis v. Navistar Int'l Transp. Corp.*, 131 F.3d 672, 677 (7th Cir.1997)). As the Sixth Circuit stated, "the employer must be able to establish its reasonable reliance on the particularized facts that were before it at the time the decision was made." *Smith v. Chrysler Corp.*, 155 F.3d 799, 807 (6th Cir.1998). The employer must provide evidence to support its employment action for this "honest belief" rule to apply. *Id.* In this case, Defendant has done so. Defendant provides affidavits by Mr. Canner, by individuals who heard the timbre of Plaintiff's comments in the conference room, and by the fellow employee whom Plaintiff contacted in the restaurant during her suspension.

■■■■ Plaintiff may rebut the legitimate, non-discriminatory reasons by showing that the proffered reasons are pretextual. As the Sixth Circuit has stated,

> To make a submissible case on the credibility of his employer's explanation, the plaintiff is required to show by a preponderance of the evidence either (1) that the proffered reasons had no basis *in fact*, (2) that the proffered reasons did not *actually* motivate his discharge, or (3) that they were *insufficient* to motivate discharge.

*Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir.1994) (emphasis in original, citations and quotations omitted). At this step, Plaintiff must create "a new level of specificity." *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983). Furthermore, "[a] reason cannot be proved to be 'a pretext for *discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (emphasis in original).

■■■■ The affidavits provided by Defendant are consistent and suggest that the proffered reasons are true. There is no evidence that they "have *no* basis in fact." *Manzer*, 29 F.3d at 1084. In fact, Plaintiff's own admissions support some of Defendant's contentions. For example, Plaintiff admits that the discussion with Mr. Canner in the conference room was "heated." Def. Reply. Ex. 1 at 232. Plaintiff also stated that she did make personal telephone calls. *Id.* at 236. Plaintiff also admitted that she may have unintentionally forgotten to follow through on telephone calls. *Id.* at 256, 281. Plain-

tiff also admitted to warning the other employee at the restaurant. *Id.* at 226, 290. Finally, Plaintiff admitted to having difficulties remembering to use the time clock. Pl.Ex. 3 at 224. These alleged deficiencies are substantial and sufficient to justify a discharge.

Plaintiff has not articulated evidence to show that Defendant's reasons are pretextual. In particular, Plaintiff has failed to show that discrimination was the real reason for the adverse employment actions. The record is void of evidence that race motivated the suspension or the termination. Plaintiff seems to argue that Defendant intended to terminate either Plaintiff or Ms. Hahn because business was slow. Plaintiff then argues that since Defendant terminated Plaintiff, who had more experience than Ms. Hahn, the termination must be based on racial discrimination. The Court first notes that the transcripts suggest that Defendant was not considering terminating one of the two employees, but rather informed Plaintiff that she did not need to report for certain shifts. Pl.Ex. 3 at 206–07. Furthermore, even if Defendant were considering terminating an employee based on slow business, there is no evidence that the decision to suspend or terminate Plaintiff was racially motivated. As the Court noted in addressing Plaintiff's *prima facie* case, no other employee had the same quality or quantity of deficiencies as Plaintiff. There is simply no reasonable basis to infer that discrimination was the "real reason" for the adverse employment decisions. *St. Mary's Honor Ctr.*, 509 U.S. at 515, 113 S.Ct. 2742. As a matter of law, Plaintiff fails to demonstrate that Defendant's reasons are pretextual.

## IV. CONCLUSION

**ACCORDINGLY, IT IS HEREBY OR-DERED** that Defendant's motion for sum-

mary judgment [docket entry 10] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**